UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VICTORY LANE QUICK OIL CHANGE,
INC., a Michigan corporation,

     Plaintiff,

                                 Case No. 11-11786

v.

MAGID DARWICH, an individual, BELAL         Hon. John Corbett O'Meara
DARWICH, an individual, DARWICH
BROTHERS, L.L.C., a Michigan limited
liability company, and MAZH, L.L.C., a
Michigan limited liability company,

     Defendants.
_____/

**ORDER GRANTING PLAINTIFF'S MOTION
TO ENFORCE PRELIMINARY INJUNCTION ORDER**

This matter came before the court on Plaintiff's motion to enforce preliminary injunction

order, filed July 24, 2011.  Defendants filed a response on August 4, 2011; Plaintiff submitted a

reply brief on August 8, 2011.  The court heard oral argument on August 11, 2011.

On June 29, 2011, the court entered an opinion and order finding that Plaintiff Victory

Lane was entitled to a preliminary injunction on its non-compete and Lanham Act claims.  The

court entered a preliminary injunction order on July 20, 2011, enjoining Defendants from

operating a quick oil change business at 211 W. Michigan Ave., Saline, Michigan, while

Darwich Brothers or Magid Darwich is a tenant at that location.  The court further enjoined

Defendants from displaying the current "Saline Quick Lube" logo or a materially similar logo.

Despite the court's order, Defendants continued using the "Saline Quick Lube" sign until

July 26, 2011, explaining that B. Darwich was "out of town" from July 19 to July 25.

Defendants state that the preliminary injunction order "did not specifically state a date and time to make changes to the logo, and B. Darwich made those changes at the first opportunity he had to do so, only five days after entry" of the order. Resp. at 4.

Also despite the court's order, Saline Quick Lube continued to operate at the Saline location until August 11, 2011.  Defendants contend that Darwich Brothers is not the tenant at the Saline location and, therefore, they are not in violation of the court's order.  The court has already found, however, that Darwich Brothers remains the tenant at the Saline location, because the landlord did not consent to an assignment of the lease. See June 29, 2011 Order at 4-5. Defendants claim that this issue was to be decided by the state district court in eviction proceedings brought by the landlord.  The district court, however, found that this court already decided the issue, which it did.  See Pl.'s Reply Ex. B at 16  ("I don't know whether or not these two gentlemen [Darwich] understood what that means when a judge, Federal or not, tells you you can't do something. . . . I don't know how one can misunderstand; misinterpret the plain language by Judge O'Meara. . . ."). The district court further stated that "there is, indeed, no valid transfer of the lease . . . from Darwich Brothers to Mazh." Id. at 19.  The district court evicted Mazh from the Saline location as of August 11, 2011.[1]

---

[1]In its reply brief, Plaintiff also contends that Defendants have an interest in another quick oil change location within 10 miles of another Victory Lane location, in violation of the court's order.  At the hearing, Defendants asserted that Plaintiff was aware of Magid Darwich's interest in this competing business. Further, in a supplemental filing, Magid Darwich indicated that he has sold his interest.  Assuming that Mr. Darwich has divested himself from the Farmington Hills, Michigan Uncle Sam's, the court finds no basis to take further action with respect to that location.

The court's orders of June 29, 2011, and July 20, 2011 are clear.  Defendants had no basis to continue operating their quick oil change business at the Saline location after July 20, 2011.  Defendants have provided no legitimate justification for their violation of the court's orders.  Accordingly, the court will sanction Defendants, jointly and severally, in the amount of $7,000, to be payable to the Clerk of the Court within ten days of the date of this order.  Further, the court will award Plaintiff reasonable attorney's fees incurred in bringing its motion.  Within ten days, Plaintiff shall submit an affidavit and billing records from counsel to aid the court in its determination of a reasonable fee.

SO ORDERED.


s/John Corbett O'Meara
United States District Judge


Date:  August 26, 2011



I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, August 26, 2011, using the ECF system.


s/William Barkholz
Case Manager