UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VICTORY LANE QUICK OIL CHANGE,
INC., a Michigan corporation,

  Plaintiff,

             Case No. 11-11786

v.

MAGID DARWICH, an individual, BELAL    Hon. John Corbett O'Meara
DARWICH, an individual, DARWICH
BROTHERS, L.L.C., a Michigan limited
liability company, and MAZH, L.L.C., a
Michigan limited liability company,

  Defendants.
_____/


**ORDER DENYING DEFENDANTS'**
**MOTIONS TO DISMISS**

  Before the court are two motions to dismiss filed by Defendants, to which Plaintiff has

responded.  Pursuant to L.R. 7.1(f)(2), the court did not hear oral argument.

  Victory Lane filed its complaint on April 25, 2011, and an amended complaint on June 4,

2011, against Magid Darwich, Belal Darwich, Darwich Brothers, and Mazh.  The amended

complaint contains the following counts: Count I, Lanham Act; Count II, breach of contract;

Count III, injunction; Count IV, unjust enrichment; Count V, common law unfair competition;

Count VI, conspiracy; Count VII, federal trade dress infringement; and Count VIII, violation of

Michigan Uniform Trade Secrets Act.  Victory Lane sought a preliminary injunction on its

Lanham Act and non-compete agreement claims, which the court granted on June 29, 2011.

  Defendants have moved for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) or summary

judgment pursuant to Fed. R. Civ. P. 56, neither of which are appropriate at this stage of the

proceedings.  A motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure seeks to have the complaint dismissed based upon the plaintiff's failure to state a claim upon which relief can be granted. The court must "accept all the ... factual allegations as true and construe the complaint in the light most favorable to the Plaintiff[ ]." Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir.2009) (internal quotation marks omitted). "To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n, 176 F.3d 315, 319 (6th Cir.1999) (internal quotation marks omitted).  Plaintiff's complaint meets this standard, particularly in light of the court's finding that Plaintiff is likely to prevail on the merits of its Lanham Act and non-compete claims.

Further, Defendants' motion under Rule 56 is premature, having been filed well before the completion of discovery.  See Tucker v. Union of Needletrades, Industrial & Textile Employees, 407 F.3d 784, 788 (6th Cir. 2005) ("[A] motion for summary judgment may not be granted until a plaintiff has had an opportunity for discovery.").

Accordingly, IT IS HEREBY ORDERED that Defendants' motions to dismiss [docket nos. 20 and 23] are DENIED.


                              s/John Corbett O'Meara
                              United States District Judge


Date:  February 16, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, February 16, 2012, using the ECF system.


s/William Barkholz
Case Manager