UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VICTORY LANE QUICK OIL CHANGE,
INC., a Michigan corporation,

    Plaintiff,

v.

    Case No. 11-11786

    Hon. John Corbett O'Meara

MAGID DARWICH, *et al.,*

    Defendants.
_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Before the court is Plaintiff's motion for partial summary judgment, which has been fully briefed. The court heard oral argument on January 24, 2013, and took the matter under advisement. For the reasons explained below, Plaintiff's motion is granted in part and denied in part.

## BACKGROUND FACTS

This case involves the alleged breach of a franchise agreement for a quick oil change business. On November 15, 2008, Plaintiff Victory Lane Quick Oil Change, Inc., and Defendant Darwich Brothers LLC entered into an agreement allowing Darwich Brothers to operate a Victory Lane quick oil change franchise in Saline, Michigan. Defendant Magid Darwich signed the agreement as guarantor for Darwich Brothers.

Victory Lane alleges that Darwich Brothers and Magid Darwich breached the franchise agreement by operating two competing quick oil change centers in Lansing, Michigan. Indeed, "Uncle Sam's Classic Quick Lube #1" and "Uncle Sam's Classic Quick Lube #2" were

registered as assumed names of Darwich Brothers.  Magid Darwich insists that the registrations were done by his bother's accountant without his knowledge.  According to Magid Darwich, his brother, Belal Darwich, opened the Lansing businesses and M. Darwich had no interest in them.  M. Darwich maintains that once he discovered the mistake, Darwich Brothers terminated the "Uncle Sam's" assumed names.  B. Darwich then formed Uncle Sam's Quick Lube – Lansing LLC to operate the Lansing quick oil change locations.

Victory Lane was not satisfied by M. Darwich's explanation and contended that he was in breach of the franchise agreement's non-competition provision.  See Pl.'s Ex. C at 21.2.  Victory Lane also alleges that Darwich Brothers and M. Darwich breached other terms of the franchise agreement, not relevant here.  Victory Lane terminated the franchise agreement on March 7, 2011, and filed a demand for arbitration with respect to Darwich Brothers' alleged violations of the agreement, except for the non-compete provision, on March 8, 2011.

On March 11, 2011, Darwich Brothers sold the assets of the Saline location to B. Darwich.  B. Darwich formed Mazh, LLC, and began operating an oil change business there as Saline Quick Lube.  Darwich Brothers intended to transfer the lease of the location to Mazh, but the landlord refused to sign the transfer.  Therefore, Darwich Brothers is still the tenant of the Saline location.

Defendants contend that upon purchasing the Saline location, B. Darwich and Mazh changed the logo on the building to differentiate Saline Quick Lube from Victory Lane.  Victory Lane argues, however, that the logo mimics and is a "colorable imitation" of Victory Lane's trademarked logo.  Victory Lane contends that Saline Quick Lube's logo and sign infringes upon its mark and violates the Lanham Act.

Victory Lane filed its complaint on April 25, 2011, and an amended complaint on June 4, 2011, against Magid Darwich, Belal Darwich, Darwich Brothers, and Mazh.  The amended complaint contains the following counts: Count I, Lanham Act; Count II, breach of contract; Count III, injunction; Count IV, unjust enrichment; Count V, common law unfair competition; Count VI, conspiracy; Count VII, federal trade dress infringement; and Count VIII, violation of Michigan Uniform Trade Secrets Act.  Victory Lane sought a preliminary injunction on its Lanham Act and non-compete agreement claims, which the court granted on June 29, 2011.

The parties stipulated to the entry of judgment against Belal Darwich and Mazh, leaving Victory Lane's claims against Magid Darwich and Darwich Brothers remaining.  Plaintiff seeks partial summary judgment on its breach of contract and Lanham Act claims against these Defendants.

## LAW AND ANALYSIS

### I.    Breach of Non-Compete Agreement

The parties' franchise agreement contains the following non-compete clause:

> 21.3 **Post-Term Covenant Not to Compete.**  The Franchisee, the Owners and the Personal Guarantors will not, for a period of two (2) years after the termination or expiration of this Agreement for an Oil Change or Oil Change/Car Wash Center . . . on their own account or as an employee, principal, agent, independent contractor, consultant, affiliate, licensee, partner, officer, director or Owner of any other person, firm, Entity, partnership or corporation, own, operate, lease, franchise, conduct, engage in, *be connected with, have any interest in or assist any person or Entity engaged in any Competitive Business* which is located within 25 miles of the Franchised Location, within 10 miles of any other existing or proposed Victory Lane Center, or within any exclusive area granted by Victory Lane or any affiliate of Victory Lane pursuant to a Master Franchise Agreement or other territorial agreement.  The Franchisee, the Owners and the Personal Guarantors expressly agree that the time and geographical

> limitations set forth in this provision are reasonable and necessary to protect Victory Lane and its other franchisees if this Agreement expires or is terminated by either party for any reason, and that this covenant not to compete is necessary to give Victory Lane the opportunity to resell and/or develop a new Victory Lane Center at or in the area near the Franchised Location.

Pl.'s Ex. C at 21.3 (emphasis added). Under Michigan law, reasonable agreements limiting competition are enforceable. See Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp., 511 F.3d 535, 546 (6th Cir. 2007) (non-compete enforceable "if the agreement or covenant is reasonable as to its duration, geographical area, and the type of employment or line of business") (quoting M.C.L. 445.774a(1)). In evaluating the reasonableness of a non-compete clause, Michigan courts generally examine "the clause's duration, geographic scope, and the type of employment prohibited. They also consider the reasonableness of the competitive business interests justifying the clause." Id. (citations omitted).

Defendants do not dispute the reasonableness of the non-compete provision. Rather, the signatories to that provision, Darwich Brothers and M. Darwich, disclaim any interest in the competing business, Saline Quick Lube. Defendants contend that Saline Quick Lube is owned by B. Darwich and Mazh, who are not parties to the franchise agreement and are not subject to the non-compete.

Defendants made this same argument in response to Plaintiff's motion for preliminary injunction, and the court rejected it because Darwich Brothers remained the tenant at the Saline Quick Lube location, as the landlord would not agree to transfer the lease to Mazh. As the tenant, Darwich Brothers was allowing Saline Quick Lube to occupy the same location as the former Victory Lane franchise. Accordingly, Darwich Brothers is arguably "connected with," has an "interest in," or is "assist[ing] any person or Entity engaged in any Competitive Business"

in violation of section 21.3 of the franchise agreement.  In light of this, the court found that Plaintiff was likely to prevail on the merits of its breach of contract claim.

M. Darwich and Darwich Brothers do not directly and specifically dispute that they allowed B. Darwich and Mazh (operating as Saline Quick Lube) to occupy the same location as the former Victory Lane franchise.  Nor do they dispute that such actions violate section 21.3 of the franchise agreement.  Accordingly, they have not set forth a genuine issue of material fact for trial and the court will grant Plaintiff's motion for summary judgment as to its breach of contract claim.

## II.  Lanham Act Claim

In its preliminary injunction order, the court found that Victory Lane was likely to prevail on the merits of its Lanham Act claim, because Defendants were using a logo that was a "colorable imitation" of its trademark.  Victory Lane has not presented evidence, however, that *Darwich Brothers or M. Darwich* were responsible for creating or using the "Saline Quick Lube" logo that is similar to the Victory Lane mark.  Rather, the evidence appears to indicate that B. Darwich and Mazh were using the Saline Quick Lube logo.  See Defs.' Exs. 1, 2.  Victory Lane has not produced evidence that Darwich Brothers or M. Darwich owned or were actually involved in operating Saline Quick Lube.  Plaintiffs have not cited authority suggesting that allowing B. Darwich and Mazh to use the Saline location is sufficient to render M. Darwich and Darwich Brothers liable under the Lanham Act.  Because Victory Lane has not satisfied its burden of demonstrating that Darwich Brothers and M. Darwich are liable under the Lanham Act, the court will deny Victory Lane's motion on this point.

**ORDER**

IT IS HEREBY ORDERED that Plaintiff's motion for partial summary judgment is GRANTED IN PART and DENIED IN PART, consistent with this opinion and order.

s/John Corbett O'Meara<br>United States District Judge

Date: January 31, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, January 31, 2013, using the ECF system.

s/William Barkholz<br>Case Manager