UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VICTORY LANE QUICK OIL CHANGE,
INC., a Michigan corporation,

    Plaintiff,

v.

    Case No. 11-11786

    Hon. John Corbett O'Meara

MAGID DARWICH, *et al.,*

    Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR
## ATTORNEYS' FEES AND FOR ENTRY OF FINAL JUDGMENT

Before the court is Plaintiff's motion for attorneys' fees and for entry of final judgment, which has been fully briefed. On January 31, 2013, the court granted in part and denied in part Plaintiff's motion for partial summary judgment. Specifically, the court found in Plaintiff's favor on its breach of contract claim, but denied summary judgment on its Lanham Act claim. Rather than proceed to trial on its remaining claims, Plaintiff requests that the court award it attorneys' fees under the parties' agreement and enter a final judgment against the remaining Defendants, Magid Darwich and Darwich Brothers, LLC.

The franchise agreement between the parties provides: "The Franchisee will pay all attorneys' fees, costs and expenses incurred by Victory Lane if Victory Lane prevails in any action (a) it commences or defends to enforce any term, condition or provision of this Agreement or (b) to enjoin any violation of this Agreement by either Victory Lane or the Franchisee." Pl.'s Ex. G at 23.2. Plaintiff seeks $44,823.25 in attorneys' fees and $4,336.86 in expenses and has

attached supporting affidavits and billing records.[1]

Defendants do not dispute that the attorney fee provision of the franchise agreement is enforceable. Rather, Defendants suggest that Plaintiff has engaged in "overkill" in pursuing this case. Defendants' perception notwithstanding, Plaintiff initiated this litigation to enforce the franchise agreement and to vindicate its trademark rights. Plaintiff was successful in obtaining a preliminary injunction, an order enforcing the preliminary injunction order and awarding sanctions, and partial summary judgment on its contract claim. Defendants did not agree to any of the relief sought by Plaintiff, requiring Plaintiff to litigate its claims.

Further, Defendants have not set forth specific objections to the attorneys' fees and expenses claimed by Plaintiff. The court has already determined that the hourly rates charged by Plaintiff's counsel are reasonable. See Docket No. 57, Order Awarding Attorney Fees; see also State Bar of Michigan 2010 Economics of Law Practice Summary Report (median hourly rate for Ann Arbor area is $275). The court also finds that the total hours expended, given the work required in this matter, is reasonable and well-supported by counsel's billing records and affidavits. See Pl.'s Ex. H. The court finds that Plaintiff is entitled to an award of attorneys' fees under the franchise agreement and to an entry of judgment.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for attorneys' fees and entry of final judgment is GRANTED.

                                                   s/John Corbett O'Meara
                                                   United States District Judge

Date:  May 8, 2013

---

[1] The fees sought by Plaintiff include $3,218 previously awarded by the court as a sanction, which Defendants have not yet paid.

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, May 8, 2013, using the ECF system.

s/William Barkholz
Case Manager
